Garcia v Miller (2026 NY Slip Op 01773)

Garcia v Miller

2026 NY Slip Op 01773

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-08586
 (Index No. 3854/11)

[*1]Nathan Garcia, respondent, 
vMichael Miller, appellant (and a third-party action).

Law Firm of Vaughn, Weber & Prakope, PLLC, Mineola, NY (John A. Weber IV of counsel), for appellant.
Anthony T. Scotto, Garden City, NY, for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.) dated September 18, 2020. The judgment, upon a decision of the same court dated August 14, 2020, made after a nonjury trial, inter alia, is in favor of the plaintiff and against the defendant on the cause of action alleging breach of a personal loan agreement in the total sum of $105,841.07.
ORDERED that the judgment is affirmed with costs.
The plaintiff commenced this action to recover damages for breach of contract, alleging, as a first cause of action, breach of what was styled as an assistant's fee agreement and, as a second cause of action, breach of a personal loan agreement. The Supreme Court conducted a nonjury trial wherein the plaintiff testified that he loaned the defendant $27,000 in cash pursuant to the personal loan agreement, a copy of which was admitted into evidence. The plaintiff testified that the original personal loan agreement was signed by the plaintiff and the defendant and witnessed by Rebecca Marin. The plaintiff further testified that he did not know where the original personal loan agreement was, that only one original was signed, that the defendant immediately took possession of the original and said he would make a copy and give it the plaintiff, and that the copy of the personal loan agreement entered into evidence was the copy given to the plaintiff by the defendant and was a true and accurate copy of the original. Marin testified that she signed and witnessed both parties sign the original personal loan agreement and that the copy of the personal loan agreement entered into evidence was a true and accurate copy of the original. During his testimony, the defendant denied the existence of the loan or the personal loan agreement, contending, in effect, that his signature on the personal loan agreement was either forged or copied and pasted onto the document entered into evidence. The court, inter alia, awarded judgment in favor of the plaintiff and against the defendant on the cause of action alleging breach of the personal loan agreement in the total sum of $105,841.07. The defendant appeals.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render the judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Richmond El. Co., Inc. v Oakfield Group, LLC, 236 AD3d 947, 948 [internal quotation marks omitted]). However, "[w]here the trial court's findings of fact rest in large measure on [*2]considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (id. [internal quotation marks omitted]).
The best evidence rule "requires the production of an original writing where its contents are in dispute and sought to be proven" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643; see Brighton Leasing Corp. v Brighton Realty Corp., 233 AD3d 839, 840). "However, secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (Brighton Leasing Corp. v Brighton Realty Corp., 233 AD3d at 840 [internal quotation marks omitted]). "The proponent of this secondary evidence has the heavy burden of establishing, preliminarily to the court's satisfaction, that it is a reliable and accurate portrayal of the original" (id. [internal quotation marks omitted]).
Here, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in admitting into evidence a purported copy of the personal loan agreement, since the plaintiff satisfactorily accounted for his inability to produce the original and established that the copy was a reliable and accurate portrayal of the original (see Yakubov v Gaft, 231 AD3d 1099, 1100; cf. Deutsch v Deutsch, 232 AD3d 763, 764-765; Mutlu v Mutlu, 177 AD3d 979, 980). In light of the evidence presented at trial, and giving the court's credibility determinations due deference, we find no basis to disturb the court's determination in favor of the plaintiff and against the defendant on the cause of action alleging breach of the personal loan agreement (see Richmond El. Co., Inc. v Oakfield Group, LLC, 236 AD3d at 948).
The parties' remaining contentions are either unpreserved for appellate reivew or without merit.
CONNOLLY, J.P., VOUTSINAS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court